IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEN CRABB, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0848 |
| | § | |
| UNITED STATES FEDERAL HIGHWAY, | § | |
| ADMINISTRATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This lawsuit stems from the Federal Highway Administration's (FHWA) approval of a 38-mile highway-construction project in the City of Houston. The plaintiffs—seven Houston residents—sued two federal agencies and three federal officials, asserting violations of the Federal Aid Highways Act, the National Environmental Policy Act, and the Fifth Amendment's Due Process Clause. The defendants have moved for partial dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry No. 17.) The defendants argue that the claims of one of the plaintiffs—Richerd Palumbo—are time-barred, and that the first amended complaint fails to state a procedural due process claim upon which relief can be granted. The plaintiffs have responded, (Docket Entry Nos. 25 & 27), and the defendants have replied, (Docket Entry No. 30). After reviewing the pleadings; the motion, responses, and reply; the record; and the relevant law, the court grants the motion to dismiss. The reasons are explained below.

Under the applicable statute of limitations, "a claim arising under Federal law seeking judicial review of a permit, license, or approval issued by a Federal agency for a highway or public transportation capital project shall be barred unless it is filed within 180 days after publication of

a notice in the Federal Register announcing that the permit, license, or approval is final pursuant to the law under which the agency action is taken." 23 U.S.C. § 139(l)(1). In this case, the FHWA published the required notice on September 10, 2010. Claims challenging the approval of the highway-construction project had to be filed by March 7, 2011. Because Palumbo was first added as a plaintiff on May 10, 2011, 64 days after the March 7 deadline, his claims are time-barred. Palumbo's argument that he merely "joined in" the timely claims of others without asserting his own claims ignores the legal consequences of an amendment adding a plaintiff to the case.[1] *See Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973) ("[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations."). Courts have rejected the argument that claims asserted by new plaintiffs relate back to the filing of the case even when the new plaintiffs allege injury by the same conduct described in the original complaint. *See Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1015 (3d Cir. 1995); *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir.1982). Palumbo "offer[s] no authority or persuasive justification" for "allowing untimely plaintiffs to ride piggyback" on the timely plaintiffs' claims. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). The motion to dismiss Palumbo's claims is granted, with prejudice, based on the futility of amendment.

"To state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (5th Cir. 2008). In this case, the plaintiffs' first amended complaint provides the following "summary" of their procedural due process claim:

---

[1] Of course, Palumbo would lack standing if he was not asserting his own claims.

> The third claim is brought directly under the Fifth Amendment of the US Constitution seeking a declaratory order insuring the protections of the federal due process clause with regard to federal agency action undertaken after the "final agency action" and administrative record for this project has been closed. Plaintiffs seek this legal protection where no post-record FAHA or APA monitoring and enforcement remedies exist or survive. No noise abatement commitments were made in the record, and the record says that noise issues will be resolved in after-the-fact workshops. Due process issues arise frequently with respect to these informal workshops held by [the Texas Department of Transportation] but also arise with regard to Reevaluations, such as for subsequent design changes which are internally deemed not to warrant a SEIS, and, therefore, need not be divulged to the public nor provided to the public for participation or comment.

(Docket Entry No. 15, at 56–57.) This summary is followed by 35 paragraphs that *appear* to criticize actions that a non-party, the Texas Department of Transportation, will take at a later date, including actions during future informal noise-reduction workshops. "Appear" is used because parts of the plaintiffs' 81-page complaint, including the section comprising the procedural due process claim, are repetitive, rambling, and difficult to understand. The plaintiffs have not alleged that *the defendants* have deprived them *of an interest* protected by the Fifth Amendment *without due process of law*. The court grants the motion to dismiss the procedural due process claim with leave to amend no later than **March 30, 2012.**

Any amended pleading must comply with Rule 8, which requires "a short and plain" statement of a party's claim for relief. "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010). Complaints that are vague, rambling, difficult to understand, and needlessly long violate Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637

3

F.3d 1047, 1059 (9th Cir. 2011) ("[D]istrict courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace*.").

      SIGNED on February 29, 2012, at Houston, Texas.

                                              Lee H. Rosenthal
                                        United States District Judge