IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEN CRABB, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0848 |
| | § | |
| UNITED STATES FEDERAL HIGHWAY, | § | |
| ADMINISTRATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION DENYING MOTION FOR RECONSIDERATION**

The plaintiffs, seven Houston residents, moved for reconsideration of the court's ruling granting in part and denying in part the motion to dismiss filed by the defendants, the Federal Highway Administration, the United States Department of Transportation, and three agency officials. (Docket Entry No. 118). The plaintiffs argue that new evidence and intervening changes in the law require reconsideration, that the court's memorandum and opinion contains clear errors of law, and that the court's ruling dismissing some of their claims is manifestly unjust. Both the state and federal defendants responded, and the plaintiffs replied. (Docket Entry Nos. 122, 123, 125).

Based on a careful review of the motion, responses and reply, the parties' briefs and submissions, the pleadings, and the applicable law, the court denies the motion for reconsideration. The reasons are explained below.

I.      **Background**

This lawsuit challenges a highway project that runs 38 miles from Farm-to-Market Road 2920 to Interstate Highway Loop 610 in Houston, Texas. The project has been changed over time,

1

in part responding to information about environmental and noise impacts. The most recent studies and revisions are the Final Environmental Impact Statement reevaluation completed in August 2013, which used the most recent approved traffic-noise model, TNM 2.5, (Docket Entry No. 85, Exs. 1–4), and a September 2013 Revised Record of Decision approving that Final Environmental Impact Statement. (Docket Entry No. 85). The 2013 Revised Record of Decision increased the number of planned noise-abatement measures from 7 to 20. (Docket Entry No. 98 at p. 4).

Because these changes occurred during the pendency of this suit, they prolonged it. The parties have filed amended and supplemented pleadings, motions, and briefs. After multiple pleading amendments, some necessitated by the project revisions and others responding to motions challenging the amended pleadings, the plaintiffs filed their fourth amended complaint, which the defendants moved to dismiss. (Docket Entry Nos. 109, 110). The court granted the defendants' motions in part, dismissing the claims that the defendants violated the Federal Aid Highway Act, 23 U.S.C. § 109, and its implementing regulations, 23 C.F.R. § 772.1 *et seq*., by failing to consider and propose adequate noise-abatement measures. The court also dismissed the claims that the defendants violated the plaintiffs' procedural due process rights by refusing to provide noise-abatement measures to certain property owners, by failing to solicit a wider range of residents' views on proposed abatement measures, and by conducting "Noise Workshops" without certain protections in place, such as the right to know how others voted, the right to change one's vote later, and the right to administrative or judicial recourse against the results of votes. (Docket Entry No. 113). The court denied the motion to dismiss the plaintiffs' claims that the defendants failed to consider the impacts of the project on Memorial Park and the Houston Arboretum and Nature Center, allegedly violating 23 U.S.C. § 138 and 49 U.S.C. § 303. (*Id.*).

2

This motion for reconsideration followed.  (Docket Entry No. 118).

## II.    The Applicable Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (stating that "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration").  A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b).  A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e).  *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. 07-cv-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008).  A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995).  The Rule 59(e) standard "favors denial of motions to alter or amend a judgment."  *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  A motion to reconsider may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order.  11

WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (footnotes omitted).

### III.    Analysis

The plaintiffs move for reconsideration based on newly discovered evidence, intervening changes in the law, clear legal error, and manifest injustice. Each of these arguments is examined in turn.

### A.    The Argument Based on Newly Discovered Evidence

A court should not grant a Rule 59(e) motion for reconsideration based on newly discovered evidence unless the new facts (1) are of such a nature that they would probably change the outcome, (2) could not have been discovered earlier through proper diligence, and (3) are not merely cumulative or impeaching. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003). The plaintiffs argue that the 2013 Revised Record of Decision for the 290/610 project may be revised at some point in the future because Harris County is no longer sponsoring the project. This does not meet the criteria for granting a Rule 59(e) motion. The plaintiffs have not identified changes recently implemented that they discovered after the briefing ended. Instead, they speculate that additional environmental evaluation may be necessary at some point in the future. The possibility that the 2013 Revised Record of Decision, the final agency action at issue, might be modified in some way at some time, is not newly discovered evidence that provides a basis to change the court's earlier ruling.

The plaintiffs also argue that "new information or legal analysis" has become available since the court issued its memorandum and opinion. They argue that to the extent the 2013 Revised Record of Decision supercedes earlier Records of Decision, the plaintiffs have filed only one

4

amended complaint, not four, and "successive actions seem a waste of judicial economy if the dismissal is sustained due to lack of subject-matter jurisdiction." (Docket Entry No. 125, Ex. 1 at p. 5).

The court did not dismiss the plaintiffs' challenges to the 2013 Revised Record of Decision due to lack of subject-matter jurisdiction. The court did dismiss the plaintiffs' claims challenging earlier agency actions that were superceded by the 2013 Revised Record of Decision, but the plaintiffs do not ask for reconsideration of that ruling. The court dismissed other claims under Rule 12(b)(6), finding that the plaintiffs repeatedly failed to state a basis for granting the relief they sought. The fact that the plaintiffs had filed multiple amended pleadings without curing identified pleading deficiencies bore on the court's decision to dismiss claims under Rule 12(b)(6) without granting further leave to amend. But this fact did not bear on the court's conclusion that the amended pleadings failed to meet the Rule 8 pleading standards. The "new information or legal analysis" argument does not support reconsideration.

### B.    The Argument Based on Changes in the Law

The court dismissed the due-process claims because the plaintiffs had not alleged that the defendants deprived them of a constitutionally protected property interest with inadequate procedural protections. *See Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (5th Cir. 2008) (stating that to state a due process claim, a plaintiff must allege "(1) deprivation of protected interest, and (2) insufficient procedural protections surrounding that deprivation"). The plaintiffs argue that intervening case law on final agency action supports reconsideration of this ruling. They argue that these recent cases "provide a valuable analysis of the issue of a path to recourse," and they reurge their argument that TxDOT's noise workshops lack necessary procedural protections. (Docket Entry

No. 125, Ex. 1 at pp. 6–8).

The plaintiffs first argue that the law changed in March 2015, when the Supreme Court denied *certiorari* in *Belle Co. LLC v. U.S. Army Corps of Engineers*, 761 F.3d 383 (5th Cir. 2014), *cert. denied sub. nom. Kent Recycling Servs., LLC v. U.S. Army Corps of Engineers*, 135 S. Ct. 1548 (2015). The Supreme Court's denial of *certiorari* did not affect the Fifth Circuit's ruling in *Belle.* In that case, the district court held that the Army Corps of Engineers's determination that the plaintiff's property contained wetlands subject to the Clean Water Act was not a reviewable final agency action under the APA, and dismissed the lawsuit for lack of subject-matter jurisdiction. The Fifth Circuit affirmed the dismissal. *Belle*, 761 F.3d at 390. That holding did not change because of the March 2015 Supreme Court denial of *certiorari*; that *certiorari* ruling is not an intervening change in law that warrants reconsideration.

The plaintiffs also rely on *Hawkes Co. v. U.S. Army Corps of Engineers*, 782 F.3d 994 (8th Cir. 2015), in which the Eighth Circuit disagreed with the Fifth Circuit's holding in *Belle* and found that the defendant's determination that certain wetlands were "navigable waters" subject to agency jurisdiction was a final agency action reviewable under the APA. *Id.* at 1002. The Fifth Circuit's ruling is binding on this court. The fact that another circuit disagrees is not a basis for reconsideration.

Finally, the plaintiffs cite *Luminant Generation Co., LLC v. EPA*, 757 F.3d 439 (5th Cir. 2014), in which the court dismissed a lawsuit challenging an EPA notice of violation. The court held that the notice was not a "final action of the Administrator" under 42 U.S.C. § 7607(b)(1) and dismissed the lawsuit for lack of subject-matter jurisdiction. *See id.* at 441 ("'Final action' under section 7607(b)(1) has the same meaning as 'final agency action' under the Administrative

6

Procedure Act ('APA')." (citing *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001)).  This case was decided before the court issued its memorandum and opinion; it is not an intervening development in the law.

As the plaintiffs acknowledge in their reply brief, the cases they rely on do not address the issues relevant to the dismissed due-process claims.  The three cited cases do not address whether an individual has a protected property interest in certain noise-abatement measures or in the procedures that state agencies use to evaluate residents' views on proposed abatement measures. *Belle* and *Hawkes* addressed whether the determination by the Army Corps of Engineers that a property is subject to the Clean Water Act is a final agency action reviewable under the Administrative Procedure Act.  *Luminant* addressed whether an EPA notice of violation is a final action reviewable under parallel provisions of the Clean Air Act.

In contrast to these cases, this court's dismissal of the plaintiffs' due-process claims did not rely on the APA's definition of final agency action or that term's interpretation by the Fifth Circuit and other courts.[1]  The plaintiffs' due-process claims relating to the noise workshops were not dismissed because the court lacked subject-matter jurisdiction.[2]  Instead, the court dismissed these claims because the plaintiffs had not alleged a basis to support an inference that owners or residents in specific neighborhoods had a protected property interest in certain noise-abatement measures or

---

[1]  The defendants do not dispute that the 2013 Revised Record of Decision is a final agency action subject to review under the APA, and the court found that it had subject-matter jurisdiction over the plaintiffs' challenges to that decision. The court dismissed only, to the extent the plaintiffs asserted them, claims based on earlier agency actions that are not "final" because they were superceded by the later 2013 Revised Record of Decision.  The plaintiffs do not challenge this dismissal in their motion for reconsideration.

[2]  To the extent the court's subject-matter jurisdiction is at issue, the plaintiffs admit in their reply in support of reconsideration that "[t]here is no final agency action for workshops and actions taken under reevaluations after the administrative record closes."  (Docket Entry No. 125, Ex. 1 at p. 8).

in how TxDOT's noise workshops were conducted.  (Docket Entry No. 113 at pp. 16–18).  Even if the cases the plaintiffs cite did show an intervening change in law (which they do not), that change would not be relevant to the court's decision to dismiss the plaintiffs' due-process claims for failure to state a claim.

There is no basis for granting reconsideration due to an intervening change in law.

### C.     The Argument Based on Clear Legal Error

The plaintiffs argue that the court misconstrued the applicable statute and regulations, 23 U.S.C. § 109(i) and 23 C.F.R. § 772.  The plaintiffs argue that "the current proposed noise abatement barrier designs for at least 3 or 4 of the major project neighborhoods will under achieve in abatement relative to what other alternative abatement designs could achieve." (Docket Entry No. 118 at p. 8 (emphasis omitted)).  They argue that other abatement measures could achieve better noise-reduction results and that 23 C.F.R. § 772.13(g)(2) required TxDOT to implement the measures that would reduce noise the most.  (*Id.* at pp. 8–9).  In their motion for reconsideration, the plaintiffs offer examples of "plausible alternative" abatement measures that would reduce noise better than the measures TxDOT implemented.  (Docket Entry No. 118 at p. 10).

Chapter 23 C.F.R. § 772.13(g) states: "(g) Before adoption of a CE, FONSI, or ROD, the highway agency shall identify: (1) Noise abatement measures which are feasible and reasonable, and which are likely to be incorporated in the project; and (2) Noise impacts for which no noise abatement measures are feasible and reasonable." 23 C.F.R. § 772.13(g).  This regulation does not, however, require that all affected neighborhoods receive abatement measures, or that the implemented measures be the most effective.  The plaintiffs have not cited other regulations or statutes that impose this requirement.  Nor have the plaintiffs cited cases that show a  clear legal

8

error in the court's analysis of § 722.13(g) that would support granting reconsideration.  This argument does not support reconsideration.

###### D.      The Argument Based on Manifest Injustice

The court dismissed the plaintiffs' claim that TxDOT violated the applicable regulations by failing to consider noise impacts to certain areas and properties, including those away from the project boundaries.  The plaintiffs argue that there is "no good reason" that certain properties will receive no, or limited, noise-abatement measures.  (Docket Entry No. 118 at p. 5).

The applicable regulations do not require TxDOT to give equal consideration to all possibly affected properties in evaluating traffic-noise impacts.  Nor do they require TxDOT to implement noise-abatement measures that are not reasonable and feasible.  The plaintiffs did not allege in their pleadings, or argue in the briefs or in their motion for reconsideration, that TxDOT failed to consider noise impacts on properties that it was required to consider, or that TxDOT failed to implement reasonable and feasible abatement measures for properties that the analysis required by the regulations showed would be affected.  Because the plaintiffs have not alleged or identified violations of the applicable statutes and regulations, they have not shown that reconsideration is warranted based on manifest injustice.

The plaintiffs also argue that their counsel is "inept" and was "confused" by the applicable standards and the court's prior orders.  (Docket Entry No. 188 at p. 6).  The lawyer making this argument is also the lawyer moving for reconsideration.  She is also  an owner of property she claims is adversely affected by the highway project.   The law is clear that "[t]he negligence or erroneous strategy choices of a party's attorney or the party herself, which contributed to the court's dismissal of the party's claims, do not amount to manifest injustice."  *Bender Square Partners v.*

9

*Factory Mut. Ins. Co.*, No. 4:10-cv-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012) (citing *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 409 (4th Cir. 2010); *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226–27 (4th Cir. 2005); *Universal Film Exchs., Inc. v. Lust*, 479 F.2d 573, 577 (4th Cir. 1973); *Fox v. Am. Airlines*, 389 F.3d 1291, 1296 (D.C. Cir. 2004); *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004)).

The plaintiffs' arguments do not present a basis for reconsideration to prevent manifest injustice.

## IV.     Conclusion

The plaintiffs' motion for reconsideration, (Docket Entry No. 118), is denied.

SIGNED on June 8, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge