**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIAM A. WARE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0848 |
| | § | |
| UNITED STATES FEDERAL HIGHWAY, | § | |
| ADMINISTRATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, William A. Ware, seeks leave of court to add a plaintiff under Rule 20 of the Federal Rules of Civil Procedure. (Docket Entry No. 131). Rule 20 states:

> (a) Persons Who May Join or Be Joined.
>
> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

"Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam). "Generally, as long as both prongs of the test are met, 'permissive joinder of plaintiffs . . . is at the

1

option of the plaintiffs.'" *Id*. (quoting *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id*. (citations omitted).

A motion to amend that seeks to add additional parties implicates both Federal Rules of Civil Procedure 15 and 20. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir.2008). (if a litigant seeks leave to amend after the applicable deadline in a scheduling order, then Federal Rule of Civil Procedure 16(b)(4) requires a demonstration of good cause.).

The United States Federal Highway Administration and the Texas Department of Transportation both oppose Ware's motion. (Docket Entry Nos. 136, 137). Ware moved to add Mannchen on June 22, 2015, a few days before his deadline for moving for summary judgment on June 26, 2015. The scheduling order required the defendants to respond and cross-move by July 24, 2015.

This case has been pending since 2011. It was delayed in part because of a stay needed to permit additional administrative processes, and in part because of the difficulty in identifying precisely what the plaintiffs were pleading and seeking. After a lengthy period of amended pleadings; motions, briefs, and opinions—including motions, briefs, and opinions on dismissal—followed by pleading amendments, one plaintiff and one claim remain: William Ware's claim under § 4(f) of the Federal Aid Highway Act and the Department of Transportation Act, 23

U.S.C. § 138 and 49 U.S.C. § 303, challenging the impacts of a transportation project on Memorial Park and the Houston Arboretum and Nature Center.

Mannchen was named as a plaintiff in the January 2014 third amended complaint, after the revised Record of Decision issued in 2013. The defendants moved to dismiss the third amended complaint, and the plaintiffs sought and obtained leave to amend again. The April 2014 fourth amended complaint did not name Mannchen, although a footnote indicated that the plaintiffs contemplated adding other plaintiffs, including Mannchen. The plaintiffs did not seek to do so, however, until after the court had ruled on the defendants' motion to dismiss the fourth amended complaint, granting it in part and denying it in part and setting a schedule for cross-motions for summary judgment. Nor did Ware mention adding Mannchen as a plaintiff at the status conference held in court on March 26, 2015. It was not until June 22, 2015, shortly before filing his motion for summary judgment, that Ware for the first time sought leave to add Mannchen to this action.

The defendants oppose the motion to join Mannchen, pointing to the length of time the action has been pending, their deadline to respond to Ware's summary judgment motion and to cross-move, and the absence of any earlier request to add Mannchen as a party plaintiff. (Docket Entries No. 136, 137).

Ware responds by arguing that adding Mannchen does not prejudice the defendants because his presence as a plaintiff neither adds nor changes any legal or factual basis for the § 4(f) claim or the relief sought. Ware argues that both he and Mannchen present "the SAME situation, the same legal theory, and a single legal remedy for the public commons." (Docket Entry No. 138, p. 2). But this argument hurts Ware's position as well, in that Mannchen's presence as a party does not add any basis needed for the claim and the relief. *See Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D.

414, 422 (E.D.N.Y. 1972) (denying a motion to join the NAACP as a plaintiff under Rule 20 because there was "no need" for the additional party when the named plaintiffs "adequately represent[ed] the very parties sought to be represented by the NAACP"; the NAACP would be represented by the same attorneys as the named plaintiffs, who could raise "[a]ny arguments or points of law" the NAACP might allege; the motion was belated given the advanced stage of the case; and the addition of the NAACP would "complicate and further delay" the suit by necessitating examination, including discovery, of the association's standing).

Ware argues that adding Mannchen will add efficiency because he is elderly and concerned about whether he will live through the appeal. Ware does not state how old he is or give any information about the state of his health. His age, whatever it is, cannot be new information or raise a new concern. And, to state the obvious, whether and when Ware's age will prevent him from proceeding with the case are beyond anyone's ability to predict, making it speculative.

Ware also argues that Mannchen will be a great witness because he has "many years of experience in intensive and extensive park use; training of others regarding parkland uses and preservation; and technical and regulatory environment work," making him an "invaluable asset to the parklands" who "has a concrete stake in maintaining the parklands for the use for which they were intended" and who "will accord the parklands the 'paramount importance' that is conferred by 4(f)." (Docket Entry No. 138, p. 3). To the extent Ware argues that Mannchen has standing, that is not the issue. To the extent Ware argues that Mannchen would be a good witness, that is also not the issue. It is unclear what else Ware argues in this point, other than to reassert the benefits of having an added plaintiff in the event Ware's age prevents him from continuing to prosecute the action.

Against the benefits Ware identifies in having Mannchen added as a kind of "insurance plaintiff," which is not new and is speculative, and of having his "active voice" as an advocate, which would also be provided by having him serve as a witness, the defendants argue prejudice. They point to the delays that have already led to this case lasting four years. They argue that Ware filed his motion for leave to add Mannchen only four days before moving for summary judgment and that the deadline for the defendants to respond to the motion to add Mannchen as a plaintiff was within a few days of their deadline to respond to Ware's summary judgment motion and cross-move.

The court concludes Ware's failure to seek to add Mannchen earlier in the litigation, and the timing of when he did seek leave, do prejudice the defendants. Adding new parties after a summary judgment motion is filed can cause prejudice to the party having to respond to that motion or file a cross-motion. *See, e.g.*, *Acevedo*, 600 F.3d at 521 ("However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.") (citations omitted); *Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (stating that the plaintiffs did not unduly prejudice the defendants because the plaintiffs requested leave to amend when no trial date was set by the court and the defendants had not filed a motion for summary judgment).

Ware has not shown good cause for adding Mannchen as a party plaintiff. Granting his motion would cause added delay and prejudice.

The motion to add Mannchen as a plaintiff is denied.

SIGNED on July 27, 2015, at Houston, Texas.

                                                        _____
                                                            Lee H. Rosenthal
                                                       United States District Judge