United States District Court
Southern District of Texas
**ENTERED**
May 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM A. WARE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0848 |
| | § | |
| UNITED STATES FEDERAL HIGHWAY, ADMINISTRATION, *et al.*, | § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION**

The plaintiff, William Ware, moved for reconsideration of the court's March 30, 2016 Memorandum and Opinion granting the defendants summary judgment. (Docket Entry No. 152). The defendants responded. (Docket Entry No. 153).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. 07-cv-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and

1

'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

In his motion for reconsideration, Ware repeats the vague, rambling, and confusing arguments that he has made—and that the court has rejected—time and again over this five-year litigation. For the reasons stated in the court's March 30, 2016 Memorandum and Opinion, (Docket Entry No. 150), Ware has not shown that manifest error or newly discovered evidence entitles him to the relief he seeks.

The motion for reconsideration is denied. (Docket Entry No. 152).

SIGNED on May 19, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge